**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHNNY P. CROCKETT,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:12-CV-658
CRIM. NO. 2:99-CR-104(3)
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL**

## OPINION AND ORDER

On July 30, 2012, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections (Doc. 269) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner objects to the Magistrate Judge's recommendation that this action be transferred to the Sixth Circuit for authorization for filing as a successive petition. Petitioner asserts he was denied effective assistance of counsel during the plea negotiations, in violation of *Lafler v. Cooper*, – U.S. –, 132 S.Ct. 1376 (2012), and *Frye v. Missouri*, – U.S. –, 132 S.Ct. 1399 (2012), because his attorney failed to advise him whether to accept the guilty plea offer and failed to negotiate a plea offer, resulting in imposition of a much greater term of imprisonment. Although Petitioner filed a prior motion under 28 U.S.C. § 2255 challenging these same convictions, he contends that his new

claim of ineffective assistance of counsel relies on a new rule of law that is to be applied retroactively to cases on collateral review and that may appropriately be considered under 28 U.S.C. § 2255(h).[1]

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's objections are not well taken. This Court agrees with those courts considering the issue that have concluded that neither *Lafler* nor *Frye* announced new rules of law so as to permit consideration of a claim of ineffective assistance of counsel during plea negotiations in a successive habeas corpus petition. *See In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012); *Buenrostro v. United States*, – F.3d –, 2012 WL 4784304, at *2 (9th Cir. Oct. 9, 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012). This is clear both from the language in those Supreme Court decisions as well as the post conviction context in which the decisions arose. The Supreme Court in *Frye* noted that its decision in *Hill v. Lockhart*, 474 U.S. 52 (1985), "established that claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*" v. *Washington*, 466 U.S. at 668 (1984), and both *Frye*, 132 S.Ct at 1409, and *Lafler,* 132 S.Ct. at 1384, applied the standard set forth in *Strickland*.

[A]ny doubt as to whether *Frye* and *Lafler* announced new rules is

---

[1] 28 U.S.C. 2255(h)(2) provides:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

\*\*\*

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2

> eliminated because the Court decided these cases in the post conviction context. *See Frye,* 132 S.Ct. at 1405; *Lafler,* 132 S.Ct. at 1383–84. Indeed, in *Lafler,* the Supreme Court held that the state court's decision was "contrary to clearly established law" under AEDPA. 132 S.Ct. at 1390. To be "clearly established federal law" within the meaning of AEDPA, the rule applied in *Lafler* must, by definition, have been an old rule within the meaning of *Teague. See Williams,* 529 U.S. at 380, 120 S.Ct. at 1506 ("It is perfectly clear that AEDPA codifies *Teague* to the extent that *Teague* requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction became final."). Under *Teague,* "habeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those rules would be applied retroactively to *all* defendants on collateral review through one of the two exceptions we have articulated." 489 U.S. at 316, 109 S.Ct. at 1078 (plurality opinion). Consistent with this policy, the Court rarely, if ever, announces and retroactively applies new rules of constitutional criminal procedure in the postconviction context. *Cf. Dodd v. United States,* 545 U.S. 353, 370–71, 125 S.Ct. 2478, 2489–90, 162 L.Ed.2d 343 (2005) (Stevens, J., dissenting) (observing that the Supreme Court has not, since *Teague,* recognized a new rule and made it retroactive within one year of recognizing it). Given the general policy of not announcing or applying new rules of constitutional law in habeas proceedings reflected in *Teague* and AEDPA, it stands to reason that the holdings in *Frye* and *Lafler* do not constitute new rules of constitutional law.

*In re Perez,* 682 F.3d at 933-34 (footnote omitted). Moreover, Petitioner must obtain authorization for filing a successive petition from the United States Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner's objections (Doc. 269) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

Date: November 7, 2012                                s/James L. Graham
                                                     James L. Graham
                                                     United States District Judge